IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, fsb : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | No. 06-1945 |
| v. : | |
| : | |
| PETER K. and JAYNE R. HUNT : | |
| : | |
| Defendants. : | |

## MEMORANDUM

**Green, S.J.**                                                                                                    **October 23, 2006**

Presently pending is Plaintiff's Motion to Strike Defendants' Counterclaims, and Defendants' Response thereto. For the reasons stated below, Plaintiff's motion will be denied.

**Factual and Procedural Background**

Plaintiff is a federally chartered bank, with its principle place of business in Wilmington, Delaware. Plaintiff brings this action of foreclosure pursuant to a mortgage executed by the Defendants. Defendants are adult residents domiciled in Exton, Pennsylvania. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

Plaintiff asserts that on August 31, 2002, the Bentley Hunt Corporation (hereinafter "the Borrower") created, executed, and delivered to Plaintiff a Demand Revolver Note (hereinafter "the Note"). The Note evidenced the Borrower's indebtedness to Plaintiff in the amount of $1,250,000.00 (hereinafter "the Loan"). On August 19, 2003, Plaintiff and the Borrower entered into a Change in Terms Agreement. Plaintiff claims the Change in Terms Agreement modified the terms of the Note. Defendants created, executed, and delivered to Plaintiff a Mortgage on

real property owned by them.  Plaintiff asserts that the mortgage was security to guarantee payment of the Note executed by the Borrower.  The Borrower is a corporation fully or substantially owned by the Hunts, Defendants herein.  On March 3, 2004 Plaintiff and Borrower entered into a second Change of Terms Agreement, which Plaintiff alleges further modified the terms of the Note.  Plaintiff's complaint states that on March 21, 2005 the terms of the Loan were modified by a Loan and Forbearance Agreement entered into by Plaintiff, Defendants, and the Borrower.

Plaintiff's complaint asserts that Defendants failed to pay the balance of the Loan on the maturity date, August 31, 2005; said failure to pay is described as an act of default by the Borrower on the Note and by Defendants on the Mortgage.  Defendants respond stating that the entire Loan has been satisfied in full; Defendants filed an Answer containing Affirmative Defenses and Counterclaims for breach of contract and lender liability/bad faith.  Plaintiff filed the present motion to strike Defendants' counterclaims.

**Discussion**

A federal court with diversity jurisdiction over a cause of action looks to the law of the forum state to determine what constitutes a proper counter claim.  See Zion v. Sentry Safety Control Corp., 258 F.2d 31, 33-34 (1958).  Pennsylvania Civil Procedure Rule 1148 states that a defendant may plead a counterclaim that arises from "the same transaction or occurrence" from which plaintiff's action arose.  (2006).  Pennsylvania law has interpreted Rule 1148 in mortgage foreclosure cases to permit only those counterclaims that are part of, or incident to, the creation of the mortgage itself.  Chrysler First Business Credit Corp. v. Gourniak, 601 A.2d 338, 341 (1992).  However, the decision to sever a counterclaim lies completely within the discretion of

the trial court. Id. at 340.

Defendants' Counterclaim has two Counts: (1) Breach of Contract; and (2) Lender Liability/Bad Faith. The Breach of Contract Count alleges that Defendants entered into a contractual agreement with Plaintiff stating that if Defendant Peter Hunt, sold the Borrower company and liquidated the company assets, Plaintiff would release Defendants from their Mortgage obligation. Defendants allege Plaintiff breached this contractual agreement. In Counterclaim Count II, Defendants allege that Plaintiff repeatedly misled Defendants to believe that the Mortgage would be satisfied if Defendants cooperated with Plaintiff in the liquidation of Defendant Peter Hunt's company assets.

Both Counterclaim Counts are essentially incident to the creation of the Mortgage. Plaintiff alleges that the Mortgage was given as collateral for Defendants' loan. The Counterclaims allege that Plaintiff did not uphold an agreement to satisfy the Mortgage. The Counterclaims deal directly with the subject matter of the Mortgage. As such, the Court finds that Defendants Counterclaims are incident to the creation of the Mortgage and Defendants Motion to Strike the Counterclaims will be denied. An appropriate order follows.