IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, fsb | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 06-1945 |
| v. | : | |
| | : | |
| PETER K. and JAYNE R. HUNT | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**Green, S.J.**                                                                                           **October 23, 2006**

Presently pending is Plaintiff's Motion to Strike Demand for Jury Trial, and Defendants' Response thereto. For the reasons stated below, Plaintiff's Motion will be denied.

**Factual and Procedural Background**

Plaintiff is a federally chartered bank, with its principle place of business in Wilmington, Delaware. Defendants are adult residents domiciled in Exton, Pennsylvania. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

Plaintiff asserts that on August 31, 2002, the Bentley Hunt Corporation (hereinafter "the Borrower", not a party hereto) created, executed, and delivered to Plaintiff a Demand Revolver Note (hereinafter "the Note"). The Note evidenced the Borrower's indebtedness to Plaintiff in the amount of $1,250,000.00 (hereinafter "the Loan"). On August 19, 2003, Plaintiff and the Borrower entered into a Change in Terms Agreement. Plaintiff claims the Change in Terms Agreement modified the terms of the Note. In partial consideration of the Plaintiff's decision to enter into the 2003 Change in Terms Agreement, as partial security for repayment of the Loan as modified, and as a partial inducement to the Plaintiff to so act, Plaintiff alleges that the

Defendants made, executed and delivered to the Plaintiff a Mortgage (hereinafter the "Mortgage") on certain real property owned by them, located in East Whiteland Township, Chester County, Pennsylvania, and known as 10 Elliston Court. On March 3, 2004 Plaintiff and Borrower entered into a second Change of Terms Agreement, which Plaintiff alleges further modified the terms of the Note. Plaintiff's complaint states that on March 21, 2005 the terms of the Loan for the Borrower were modified by a Loan and Forbearance Agreement entered into by Plaintiff, Defendants, and the Borrower.

Plaintiff's complaint asserts that Defendants failed to pay the balance of the Loan on the maturity date, August 31, 2005, causing it to file this action. Defendants responded by filing an Answer containing Affirmative Defenses and Counterclaims stating that the entire Loan has been satisfied in full and demanding a jury trial. Plaintiff opposes Defendants request for a jury trial, asserting that Defendants waived their right to a jury trial when they signed the Mortgage.

**Discussion**

The right to a jury trial is protected by the Seventh Amendment. Simler v. Conner, 372 U.S. 221, 222 (1963). This right can be waived by express or implied waiver. United States v. Moore, 340 U.S. 616, 621 (1951). In order for a waiver to be upheld, the party waiving the right must do so intelligently, voluntarily and knowingly. See Commodity Futures Trade Commission v. Schor, 478 U.S. 833, 848 (1972). There is a presumption against upholding a waiver. Hydramar Inc. v. General Dynamics Corp., 1989 U.S. Dist. Lexis 15784 (E.D. Pa. 1989), citing Aetna Insurance Co. v. Kennedy, 301 U.S. 389 (1937). A waiver is intelligent, voluntary, and knowing if: (1) there was no gross disparity in bargaining power between parties; (2) the parties are sophisticated business entities; (3) the parties had an opportunity to negotiate

the contract terms; and (4) the waiver provision was conspicuous.  First Union National Bank v. United States of America, et al., 154 F.Supp. 2d 660, 663 (E.D. Pa. 2001).  The burden of showing that a waiver was intelligent, voluntary, and knowing falls on the party seeking to uphold the waiver.  Hydramar, 1989 U.S. Dist. Lexis 15784 at 6.

The Court has this case pursuant to Diversity Jurisdiction.  As such, Pennsylvania substantive law governs.  Under Pennsylvania law, a property jointly owed by a married couple is presumed to be held as a tenancy in the entirety.  Sterrett v. Sterret, 401 Pa. 583, 585 (1960).  In order to mortgage a property held as a tenancy in the entirety, both husband and wife must execute the mortgage document.  See Clingerman v. Sadowski, 513 Pa. 179, 185 (1985).  Since the jury waiver stems from a joint mortgage document, whether both husband and wife intelligently, voluntarily, and  knowingly waived their right to a jury trial is at issue.

**1. There was a Disparity in Bargaining Power between the Parties**

At the time the Mortgage was signed, Defendants' company was in financial straits.  The Borrower company was in default of the Loan granted by Plaintiff, and a way to avoid liquidation of Defendants' company business was to execute the Mortgage.  Plaintiff had not carried its burden of showing Defendants were in a position to negotiate contract terms.  As such, the Plaintiff has not provided evidence to establish there was not a disparity in bargaining power.

**2. The Parties are not Sophisticated Business Entities**

The Mortgage was signed by Peter K. Hunt, who was also the President of the Bentley Hunt Corporation.  As the President of a corporation, Mr. Hunt appears sufficiently sophisticated to knowingly waive his right.  However, there is no evidence that Mrs. Hunt possessed the same sophistication.

**3. The Parties did not have the Opportunity to Negotiate Contract Terms**

While it appears that Mr. Hunt had an opportunity to negotiate contract terms, there is little evidence that Mrs. Hunt was involved in or had the opportunity to negotiate. The joint residence of the Hunts is the property mortgaged, and an entireties property requires a knowing waiver by both husband and wife. The Court concludes that Plaintiff has not established that the Defendants were provided the opportunity to negotiate.

**4. The Waiver Provision is Conspicuous**

A waiver provision appears in the Mortgage, and appears sufficiently conspicuous.

**Conclusion**

Plaintiff has failed to offer sufficient evidence that the jury trial waiver was intelligent, knowing, and voluntary. As such, Plaintiff's Motion to Strike Demand for Jury Trial will be denied. An appropriate order follows.